### John H. Knight vs. Philip H. Mantz, Adm'r. of Walton Knight.

*Assumpsit.   Verdict for Plaintiff.*

1st. Where there is a mass of conflicting testimony to be considered by the Jury, the Court will not grant a new trial.

2nd. In an action of Assumpsit for the recovery of money paid by a security, he will be entitled to recover interest, if the original creditor had such right.   He will be substituted in place of the original creditor.

This is an action of Assumpsit, to recover a balance due upon a bond, given by the deceased *Walton Knight,* and the plaintiff, as security of *Walton Knight,* to one *Tarlton W. Knight,* as executor of *Woodson Knight,* dec'd. ; and the plaintiff produced the bond in evidence to shew what amount he had paid as surety.   The defendant introduced a number of letters from the plaintiff to his intestate, by which it appears, that a portion of the bond was paid by *W. Knight,* dec'd., in money, and discounting a legacy coming to him from his father's estate, to whom the bond was made payable ; and many letters passed between the plaintiff and the deceased *W. Knight,* as to the payment of this bond, and from that correspondence, it appears that the plaintiff was acting as the agent of *W. Knight,* in obtaining a settlement from *T. W. Knight,* the executor of *Woodson Knight,* and that pending the settlement of the claim, the deceased *W. Knight,* remitted sums of money to the plaintiff, which, with the legacy due deceased, the defendant insisted was sufficient to discharge the bond.   And on the other side, for plaintiff, it was insisted, that the plaintiff could not effect a settlement for some time, and informed the deceased that he would deposite the money in bank, till the settlement with the executor could be effected ;  and upon this evidence the Jury found for the plaintiff.

A motion for a new trial is now made upon the following grounds :

1st. That the verdict is against evidence, and contrary to the principles of Justice and Equity.   2nd. That the verdict is contrary to Law, being increased by interest on an unliquidated demand.

[Knight vs. Mantz, Adm'r.]

In relation to the first ground taken for a new trial, there is a mass of evidence by way of correspondence, which shewed that the settlement of the bond was dependent on the settlement with the estate of the father of *Walton Knight*, and from this evidence, the Jury were the proper judges, and it was their province to decide, at what time these credits should be entered—and they having determined that matter, under the evidence, this Court does not consider the present case to be so clearly against evidence, as to authorize it to set the verdict aside on that ground.

The second ground is, that the Jury gave interest upon the amount paid by the security on the bond.   In looking into the Law upon this subject, the Court finds it laid down in 2 *Johns*. Ch. C. 554, *King* vs. *Baldwin* and *Fowler*, that there is no difference in the rule, as applied to securities, between a Court of Law and a Court of Equity, and that either Court will place a security, who has paid off the debt, in the same situation as the creditor was who held the bond or note, and give him the benefit of all collateral securities, which the *creditor had.*   If such be the Law, it is very clear that the security can and ought to recover interest, as the creditor had a right to do ; and by referring to our own statutes upon the subject of securities paying off the debt, the Law gives them the use of the fi. fa., to remunerate themselves by substituting them in the place of the plaintiff, thus paid off, and it has never been doubted, but that the security, in collecting the fi. fa., always collects the interest due on the same, till paid.   This Court, therefore, decides, that the security has a right to be substituted in place and stead of the creditor.   And as the creditor could have recovered interest, so can the security.

The motion for a new trial, is, therefore, overruled.

Mr. MILLER, *for Plaintiff.*   Cases cited by plaintiff—2d. *Campb.* R. 439.   7 *Johns.* R. 332.

Mr. HOLT, *for Defendant.*   Cases cited by defendant—3 *East.* R. 167.   8 *Johns.* R. 156.

JOHN SHLY, JUDGE
*Superior Courts, Middle District, Georgia.*